UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAWANDA WILSON-PRATER                    CIVIL ACTION

VERSUS                                   NO: 14-1981

JOHN M. McHUGH,                          SECTION: "J"(1)
SECRETARY OF THE ARMY

## ORDER & REASONS

Before the Court is a *Motion to Dismiss or, in the alternative, Motion for Summary Judgment* **(Rec. Doc. 14)** filed by Defendant, John McHugh, in his official capacity as Secretary of the Army, an opposition thereto (Rec. Doc. 17) filed by Plaintiff, Tawanda Wilson-Prater, and Defendant's reply (Rec. Doc. 21). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from a settlement agreement that Plaintiff entered into with her employer, the United States Army Corps of Engineers, New Orleans District ("Agency"), on October 16, 2012, which settled an informal discrimination complaint. (Rec. Doc. 14-2) In the agreement, Plaintiff agreed to waive any rights to pursue administrative or judicial action in any forum concerning the matters raised in the informal complaint and agreed that such matters will not be made the subject of future

litigation. In return, the Agency agreed to give Plaintiff a cash settlement in the sum of $10,301. In addition, the settlement agreement provided that the Agency agrees to:

> [3(b)] Provide priority consideration to the complainant for any vacant GS-13 position for which the complainant qualifies in the Programs and Project Management Division (PPMD), beginning immediately upon the signing of this document. This priority consideration will be given from this date for a two (2) year time frame, October 26, 2012 thru [sic] October 26, 2014.

(Rec. Doc. 14-2)

On December 6, 2013, Plaintiff notified the Director of the Equal Employment Opportunity Compliance and Complaints Review ("EEOCCR") that she believed the Agency breached provision 3(b) of the settlement agreement by failing to promote her to a position that became available. (Rec. Doc. 18-3) According to Plaintiff, the breach occurred when the Agency transferred Julie Leblanc and replaced her with another employee, Kevin Wagner. Leblanc was a Senior Project Manager, GS-13, within the Protection and Restoration Office ("PRO"). Plaintiff asserts that she should have been given priority consideration for Leblanc's vacant position.

In response to Plaintiff's claim, the Agency issued a final decision on January 9, 2014, concluding that no breach had occurred. (Rec. Doc. 18-6) The Agency explained that when Leblanc was transferred, her workload was given to another GS-13

Senior Project Manager, Wagner, "due to workforce reshaping and a decrease in workload." Wagner was not reassigned. According to the Agency, the position previously held by Leblanc remains vacant and "no action to recruit for that position has been taken." The Agency therefore determined that the circumstances necessary to trigger priority consideration of Plaintiff had not arisen.

Plaintiff then appealed the Agency's decision to the United States Equal Employment Opportunity Commission ("EEOC"), which affirmed the Agency's decision on June 5, 2014. The EEOC decision included language informing Plaintiff that she had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that [she] receive[d] the decision."[1]

On August 29, 2014, Plaintiff filed the instant civil action against Defendant for breach of contract.[2] Plaintiff invokes this Court's jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34;

---

[1] The Agency's final decision included similar language informing Plaintiff that she is "authorized under Title VII, the Age Discrimination in Employment Act (ADEA), and the Rehabilitation Act to file a civil action in an appropriate United States District Court . . . [w]ithin ninety (90) calendar days of receipt of the Commission's final decision on appeal." (Rec. Doc. 18-6, at 5)

[2] Plaintiff's Complaint names John M. McHugh as the defendant. McHugh is being sued in his official capacity as the Secretary of the Army for the United States Department of the Army. *See* 42 U.S.C. § 2000e-16(c) (requiring that Title VII suits against government employers be brought against "the head of the department").

and Louisiana Civil Code articles 2315, *et seq.* (Rec. Doc. 1) Plaintiff's Complaint sets out the above-mentioned facts regarding the Agency's alleged breach of the settlement agreement. In addition, Plaintiff claims that the Agency was not in good faith when it signed the agreement. Plaintiff seeks specific performance of the agreement and "all other damages, legal and equitable, that this Court deems necessary and proper." (Rec. Doc. 1, at 3)

Defendant filed the instant *Motion to Dismiss, or, in the alternative, Motion for Summary Judgment* **(Rec. Doc. 14)** on July 14, 2015. After a brief continuance, Plaintiff filed her opposition (Rec. Doc. 17) on August 4, 2015, and Defendant filed a reply thereto (Rec. Doc. 21) on August 12, 2015.

## PARTIES' ARGUMENTS

Defendant argues that Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because it seeks to vacate a settlement agreement in excess of $10,000 due to the Agency's alleged bad faith negotiations. According to Defendant, the Court of Federal Claims has exclusive jurisdiction over Plaintiff's claim under the Tucker Act. In the alternative, assuming Plaintiff's damages do not exceed $10,000, Defendant argues that it is entitled to summary judgment under Rule 56(c). Defendant asserts that the Agency did not fill Leblanc's position, but rather shifted

Leblanc's remaining projects to Wagner. Wagner was already employed in a GS-13 position within the PRO. The Agency's action did not result in a promotion for Wagner, nor did he fill the vacancy left by Leblanc. Therefore, Defendant argues the Agency did not breach the settlement agreement.

In response, Plaintiff argues that this Court has jurisdiction to enforce the settlement agreement because the agreement resolves a Title VII matter. According to Plaintiff, "the pertinent decisions and documents in this case show that [Plaintiff] is to challenge the Agency's compliance with the settlement agreement in federal court." (Rec. Doc. 17, at 3) In support of her argument, Plaintiff cites several exhibits, including the settlement agreement, her December 6, 2013, letter to the EEOCCR, and the Agency's final decision. Specifically, Plaintiff asserts that the Agency's final decision gives her "the option . . . to file a civil action in the appropriate United States District Court under Title VII, the Age Discrimination in Employment Act (ADEA) and the Rehabilitation Act." (Rec. Doc. 17, at 4) Moreover, Plaintiff argues that "[w]hile the settlement agreement is a contract, and, by law, treated as a contract, this is still a Title VII matter." (Rec. Doc. 17, at 4)

Plaintiff does not directly address Defendant's motion for summary judgment in her opposition, but she maintains that she

should have been promoted to Leblanc's vacant position "had the Agency not shuffled personnel and duties under the guise of less work." Additionally, she argues that certain factual issues exist regarding whether there actually was less work and whether this rearrangement in her section was necessary.

**LEGAL STANDARD**

**A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a facial challenge to a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003); *see also*, 13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (3d ed. 2008). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

**B.   Motion for Summary Judgment**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069,

7

1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party must "'demonstrate the absence of a genuine issue of material

8

fact,' but need not *negate* the elements of the nonmovant's case." *Little*, 37 F.3d at 1075 (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id.* (citations omitted) (internal quotation marks omitted).

## DISCUSSION

Federal courts have jurisdiction over suits against the United States and its agencies only to the extent that sovereign immunity has been waived. *Charles v. McHugh*, No. 14-50909, 2015 WL 3485687, at *2 (5th Cir. June 3, 2015) (per curiam) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.")). "Federal courts have jurisdiction to hear suits against the government only with 'a clear statement from the United States waiving sovereign

immunity, together with a claim falling within the terms of the waiver.'" *Id.* (quoting *Young v. United States*, 727 F.3d 444, 447 (5th Cir. 2013)). "The terms of consent to be sued may not be inferred, but must be unequivocally expressed." *Id.* (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). Courts "must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign." *Id.* (quoting *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998)).

One such clear statement from the United States waiving sovereign immunity is found in Title VII. *See* 42 U.S.C. § 2000e-16(c). Section 2000e-16(c) waives sovereign immunity in civil actions challenging a decision of the EEOC "on a complaint of discrimination based on race, color, religion, sex or national origin." *Id.* The Tucker Act and the Little Tucker Act are two additional examples of the United States' consent to suit. The Tucker Act provides that the United States Court of Federal Claims shall have jurisdiction over any suit involving an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). The Little Tucker Act confers concurrent jurisdiction on the district courts over contract disputes with the United States, provided that the amount of the claim does not exceed $10,000. 28 U.S.C. § 1346(a)(2).

In the instant case, Plaintiff invokes this Court's jurisdiction under Title VII, the ADEA, and the Rehabilitation Act.[3] Yet, Plaintiff's Complaint does not allege that she was discriminated against on one of the bases articulated in § 2000e-16(c). She argues that the Agency breached the settlement agreement and negotiated in bad faith, but she does not allege that she was discriminated against during settlement negotiations on any of the prohibited grounds or that the alleged breach was because of her race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-16(c). Instead, Plaintiff argues simply that because the settlement agreement resolves a Title VII matter, this Court should view her contract claims as Title VII claims themselves.

The United States Court of Appeals for the Fifth Circuit decided a similar issue in *Charles v. McHugh*. 2015 WL 3485687, at *2-3. In *McHugh*, an employee filed suit in federal court seeking to rescind a settlement agreement reached with her employer, the United States Army, because she alleged that the Army coerced her into signing it. *Id.* at *1. The Fifth Circuit

---

[3] Plaintiff does not contend that this Court has jurisdiction under the Little Tucker Act, 28 U.S.C. § 1346(a)(2) as a contract claim against the government seeking less than $10,000. Even so, this Court would not have jurisdiction pursuant to the Little Tucker Act because Plaintiff does not specify the amount of damages she is requesting. *See Munns v. Clinton*, 822 F. Supp. 2d 1048, 1074 (E.D. Cal. 2011) ("Plaintiffs' failure to allege any jurisdictional amount is thus itself fatal to their instant cause of action."); *Hafen v. Pendry*, 646 F. Supp. 2d 159, 160 (D.D.C. 2009) ("The plaintiff in this case has not satisfied his burden of establishing subject matter jurisdiction by pleading a dollar amount.").

declined to view her rescission claims as Title VII claims "simply because the underlying agreement resolved Title VII claims." *Id.* at *2. "Properly construed, [the employee's claims] are contract claims." *Id.* Therefore, because the employee's claim was a contract claim for breach of the settlement agreement, not a Title VII claim, the district court lacked jurisdiction. *Id.; see also Patterson v. Spellings*, 249 F. App'x 993, 996 (5th Cir. 2007) (per curiam) ("[The employee's] damages claim for breach of the settlement agreement is a breach of contract claim against the United States seeking damages greater than $10,000, and as such should have been brought in the Court of Claims under the Tucker Act.").

The general consensus among the circuits is that the government's waiver of sovereign immunity for Title VII claims does not extend to contract claims regarding settlement agreements. *See, e.g.*, *Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013) (holding that Title VII's sovereign immunity waiver does not extend to breach-of-settlement-agreement claims); *Frahm v. United States*, 492 F.3d 258, 263 (4th Cir. 2007) (holding that the government's waiver of sovereign immunity did not extend to monetary claims against the government for breach of a settlement agreement that resolved a Title VII claim); *Lindstrom v. United States*, 510 F.3d 1191, 1195 (10th Cir. 2007) ("Congress did not consent to being sued

by federal employees to enforce settlement agreements reached as a result of Title VII discrimination claims, and thus a district court does not have subject matter jurisdiction over the suit.").

Here, Plaintiff's claims are not Title VII claims; they are contract claims. In her Complaint, Plaintiff asserts a claim against Defendant "for breach of contract in the breach of a settlement agreement." It is well established that "a settlement agreement is a contract." *Alford v. Kuhlman Elec. Corp.*, 716 F.3d 909, 912 (5th Cir. 2013). "That the contract was a settlement agreement for Title VII claims is tangential." *McHugh*, 2015 WL 3485687, at *4. Plaintiff does not allege that she was discriminated against in this case. Therefore, she does not assert a claim for which Congress has waived sovereign immunity.

Although Plaintiff cites Title VII, the ADEA, and the Rehabilitation Act, it appears that this is only because of the language added in the Agency's final decision and the EEOC decision. As the Fifth Circuit has explained, "this language is boilerplate language attached to every EEOC decision and [the plaintiff] cites no case holding that the EEOC has interpreted § 2000e-16(c) to waive sovereign immunity for claims based upon settlement agreements." *Id.* The EEOC regulations that Plaintiff cites, such as 29 C.F.R. § 1614.407, do not independently

authorize any civil action in federal court, they only set deadlines for those civil actions already permitted by statute. *See id.* "Moreover, the EEOC does not have the authority to waive sovereign immunity through its regulations." *Id.*

Because Plaintiff's claims are contract claims, not Title VII claims, and because Congress has not explicitly waived sovereign immunity for such claims, this Court does not have subject matter jurisdiction over this case.

<u>CONCLUSION</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* **(Rec. Doc. 14)** is **GRANTED**. Plaintiff's claims are **DISMISSED without prejudice** for lack of subject matter jurisdiction.

New Orleans, Louisiana this 18th day of August, 2015.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE